

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
08/11/2009

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| NUTALL, GWENDOLYN R., | § | Case No. 09-32525-H4-7 |
| | § | |
| Debtor. | § | |
| | § | |

# MEMORANDUM OPINION ON OBJECTION TO DEBTOR'S CHAPTER 7 DISCHARGE OF CREDITOR'S SPECIFIC DEBT PURSUANT TO 11 U.S.C. § 523
[Docket No. 41]

## I. INTRODUCTION

A creditor of the debtor in this Chapter 7 bankruptcy case filed, in the main case, a pleading entitled "Objection to Debtor's Chapter 7 Discharge of Creditor's Specific Debt Pursuant to 11 U.S.C. § 523" (the Pleading). Filing the Pleading in the main case as an objection to the debtor's Chapter 7 discharge was improper because under the Federal Rules of Bankruptcy Procedure (the Bankruptcy Rules), a creditor, who wants to prevent the discharge of the specific debt owed to that creditor, must initiate an adversary proceeding, not a contested matter (as was done here).[1]

Moreover, even if the creditor in this case had not filed the Pleading as a contested matter, but rather had initiated an adversary proceeding by filing a complaint to determine dischargeability, the creditor failed to timely file this action. Stated differently, the Court has two independent reasons for dismissing the Pleading: First, the Pleading was not timely filed as required by Bankruptcy Rule

---

[1] It is also worth noting that the creditor incorrectly titled the Pleading. It should have styled the Pleading as "Complaint to Determine Dischargeability of a Specific Debt Pursuant to 11 U.S.C. § 523." By so doing, it would have properly used the language from the applicable rule and have alerted the Court that it was seeking to prevent the discharge of a particular debt. By titling the Pleading as an objection to discharge, the creditor appeared to be suggesting that it wanted to prevent the discharge of all of the debtor's debts. An objection to discharge is filed under 11 U.S.C. § 727 and seeks to prevent the discharge of all of the debtor's debts, not just the debt owed to the one creditor. A review of the entire Pleading shows that the creditor in the case at bar wants only to prevent the discharge of the debt owed to it.

4007(c); and second, the Pleading was improperly filed as a contested matter rather than as an adversary proceeding as required by Bankruptcy Rules 7001(6) and 7003.

The Court now makes its written findings of fact and conclusions of law pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.[2] To the extent that any finding of fact is construed as a conclusion of law, it is adopted as such. Moreover, to the extent that any conclusion of law is construed as a finding of fact, it is adopted as such. The Court reserves its right to make additional findings of fact and conclusions of law as it deems appropriate or as may be requested by any of the parties.

## II. FINDINGS OF FACT

1. On April 10, 2009, Gwendolyn Nutall (the Debtor) filed a voluntary Chapter 7 bankruptcy petition. [Docket No. 1.]

2. On April 13, 2009, the Court issued the Initial Order for Prosecution of Chapter 7 Case. [Docket No. 6.]

3. On that same date, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines was entered on the docket which clearly set forth the deadline for filing a complaint objecting to the dischargeability of certain debts as July 6, 2009.[3] [Docket No. 7.] Additionally, this same document contains the following explanation regarding discharge of debts:

---

[2] Any reference herein to "the Code" refers to the United States Bankruptcy Code. Further, reference to any section (i.e. §) refers to a section in 11 U.S.C., which is the United States Bankruptcy Code. Reference to a "Rule" or "Bankruptcy Rule" refers to the Federal Rules of Bankruptcy Procedure.

[3] Sixty days from May 6, 2009 was July 5, 2009, which was a Sunday. Therefore, the deadline to file a complaint was the following Monday, July 6, 2009. See Fed. R. Bankr. P. 9006(a) (excluding Saturdays and Sundays from the computation of the deadline date if that is the last day of the period of time).

> The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code § 727(a) or that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must start a lawsuit by *filing a complaint* in the bankruptcy clerk's office by the "Deadline to File a Complaint Objecting to Discharge of the Debtor or to Determine Dischargeability of Certain Debts" listed on the front side. The bankruptcy clerk's office must receive *the complaint* and any required filing fee by that Deadline.

[Docket No. 7, p. 2] (emphasis added).

4. On May 6, 2009, the first meeting of creditors was held and concluded. The Debtor appeared at this meeting.

5. On July 8, 2009, Gem Edwards, Inc. (the Creditor) filed the Pleading. [Docket No. 41.] The Creditor is listed on the Debtor's schedules as an unsecured creditor with a claim for a judgement debt in the amount of $1,077,635.00. [Docket No. 1, p. 14.]

6. In the Pleading, the Creditor requests that the judgement debt of $1,077,035.00 be excepted from discharge under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B) and 523(a)(4).

### III. CONCLUSIONS OF LAW

**A.     Jurisdiction and Venue**

The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 1334(b) and 157(a). This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B), and (I). Additionally, this proceeding is a core proceeding under the general "catch-all" language of 28 U.S.C. § 157(b)(2). *See In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999) ("[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case."); *In re Ginther Trusts*, No.

06-3556, 2006 WL 3805670, at *19 (Bankr. S.D. Tex. Dec. 22, 2006) (holding that a matter may constitute a core proceeding under 28 U.S.C. § 157(b)(2) "even though the laundry list of core proceedings under § 157(b)(2) does not specifically name this particular circumstance"). Venue is proper pursuant to 28 U.S.C. § 1408(1).

**B.    The Creditor failed to timely file a complaint commencing an adversary proceeding.**

"[A] complaint to determine the dischargability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed. R. Bankr. P. 4007(c); *see Covert v. McGuirt (In re McGuirt)*, 879 F.2d 182, 182 (5th Cir. 1989).

The issue of timely filing a complaint to determine dischargeability of a particular debt is not a novel one. The Fifth Circuit has ruled that failure to follow this rule and file a complaint within the required sixty days warrants the dismissal of the complaint as untimely. *Covert*, 879 F.2d at 182. Courts have also made no distinction in how late a complaint is filed—whether thirty-three days or three days after the deadline has passed. *CSR, Inc. v. McGinnis (In re McGinnis)*, 111 B.R. 585, 586 (Bankr. E.D. Tex. 1989) (complaint filed thirty-three days after the filing deadline passed); *Nw. Finc., Tex., Inc. v. Curtis (In re Curtis)*, 148 B.R. 465, 466 (Bankr. N.D. Tex. 1992) (complaint filed three days after the filing deadline passed). Once the deadline has passed, an untimely complaint to determine dischargeability will be dismissed. *See Covert*, 879 F.2d at 182. The purpose of Rule 4007(c) is to establish a definite deadline for filing complaints to determine dischargeability. *Laboratory Corp. of Am. v. Avalos (In re Avalos)*, 361 B.R. 129, 132-33 (Bankr. S.D. Tex. 2007). This Court would be undermining the important public policy of the need for finality if it did not follow Rule 4007(c). *Id.*

In the case at bar, the first meeting of creditors was held on May 6, 2009, [Finding of Fact No. 4], and the sixty-day deadline for filing a complaint to determine dischargeability was July 6, 2009 [Finding of Fact No. 3]. The Creditor did not file the Pleading until July 8, 2009—two days after the filing deadline. [Finding of Fact No. 5.] Therefore, because the Creditor failed to comply with Bankruptcy Rule 4007(c), the Court concludes that the Pleading should be dismissed.

**C.    The Creditor failed to file a complaint commencing an adversary proceeding.**

Aside from dismissing the Pleading due to untimely filing, this Court also dismisses the Pleading because it was filed improperly. The Creditor in the case at bar filed the Pleading as a contested matter rather than an adversary proceeding as required by the Bankruptcy Rules. Under the Rules 7001(6) and 7003, an adversary proceeding must be filed to determine the dischargeability of a particular debt. Fed. R. Bankr. P. 7001(6). Indeed, Rule 7001(6) states that an adversary proceeding, by definition, includes "a proceeding to determine the dischargeability of a debt." Fed. R. Bankr. P. 7001(6). Rule 7003 states that such "[a] civil action is commenced by filing a *complaint* with the court." Fed. R. Bankr. P. 7003 (emphasis added). Therefore, to comply with the Bankruptcy Rules, the Creditor should have initiated an adversary proceeding by filing a complaint to determine dischargeability, paid the filing fee of $250.00, and served the complaint on the Debtor with a summons—all of which the Creditor failed to do in the case at bar.

Courts have stated very clearly that a complaint initiating an adversary proceeding must be filed in order to obtain a proper determination of whether a particular debt should be discharged. *Curtis*, 148 B.R. at 466. The language in *Curtis* very clearly reads: "A creditor must request that the court, after notice and a hearing, determine a debt to be excepted from the discharge under § 523 (a)(2), (4) or (6). Such a request must be in the form of a complaint commencing an adversary

5

proceeding." *Id.* (internal citations omitted). Courts have held unacceptable the practice of filing a pleading in the main case within the sixty-day time line, instead of filing a complaint commencing an adversary proceeding. *Nabco, Inc. v. Holmes (In re Holmes)*, 393 B.R. 95, 97 (Bankr. M.D.N.C. 2008) (concluding that the creditor's act of filing a motion objecting to the debtor's discharge of a particular debt, rather than filing an adversary proceeding, was improper under Rule 7001) (citing *In re Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990); *In re Zimmerman*, 869 F.2d 1126, 1128 (8th Cir. 1989)). If this fundamental requirement is not satisfied, the complaint must be dismissed. In the case at bar, because the Creditor filed the Pleading in the main case as a contested matter rather than a complaint initiating an adversary proceeding, this procedural error provides this Court with a separate and distinct reason for dismissing the Pleading.

In sum, the Creditor has violated applicable Bankruptcy Rules because the Pleading was filed after the sixty-day deadline set forth in Rule 4007(c), and because the Creditor incorrectly filed the Pleading in the main case as a contested matter rather than a complaint initiating an adversary proceeding as required by Rules 7001(6) and 7003.

## IV. CONCLUSION

Accordingly, because the Creditor failed to file a complaint to determine dischargeability no later than sixty days after the first meeting of creditors, or, alternatively, because the Creditor failed to file a proper complaint commencing an adversary proceeding, the Court concludes that the Pleading should be dismissed in its entirety.

An order consistent with this Opinion will be entered on the docket simultaneously with the entry on the docket of this Opinion.

Signed on this 11th day of August, 2009.

Jeff Bohm
United States Bankruptcy Judge